```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION AT LAFAYETTE

JOHN S. TAYLOR,                  )
                                 )
          Plaintiff              )
                                 )
     v.                          )   Case No. 4:05 cv 17
                                 )
LIFETOUCH NATIONAL SCHOOL        )
STUDIOS, INC.,                   )
                                 )
          Defendant              )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery filed by the plaintiff, John Taylor, on October 8, 2005; the Motion to Shorten Time in Which to Respond to Discovery filed by Taylor on October 8, 2005; the Second Motion to Compel Discovery filed by Taylor on October 26, 2005; and the Second Motion to Stay Summary Judgment Pending Discovery filed by Taylor on October 26, 2005.  For the reasons set forth below, the Motion to Shorten Time and the Motion to Stay Summary Judgment are **DENIED**, and the Motions to Compel are **DENIED WITHOUT PREJUDICE.**

Background

In this breach of contract case, the plaintiff, John Taylor, claims that his former employer, Lifetouch National School Studios, Inc., breached a duty to pay him and to provide him with employment benefits, including Employee Stock Ownership Plan ("ESOP") membership.  Discovery originally was scheduled to close in this case on September 6, 2005.  On April 20, 2005, the defendant filed a motion for summary judgment based on the employment contract between the parties.  Rather than respond,

the plaintiff filed his first motion to stay the briefing on the motion until the completion of discovery.  The district court granted the stay, giving the plaintiff four and one-half months to complete discovery and to file a response to the pending summary judgment motion.  However, on September 6, 2005, the plaintiff filed a second motion to extend his response deadline, which this court granted, extending both the discovery and summary judgment response deadlines to October 31, 2005.  Then, five days before the expiration of the second extension, the plaintiff filed his third motion to stay/extend his response deadline, which is presently before the court with related motions to compel.

On September 19, 2005, the plaintiff took his first deposition in this case.  In taking another deposition on September 23, 2005, the plaintiff claims that he first learned of other similarly-situated employees of the defendant.  Thus, he propounded a third set of discovery requests seeking the contracts of six employees.  On October 8, 2005, he filed a motion to shorten the response deadline for those discovery requests.  The defendant provided the contracts for five of the six employees one week after the discovery was propounded, but it was unable to locate the sixth contract.

Also on October 8, 2005, the plaintiff filed his first motion to compel pertaining to the plaintiff's first set of discovery propounded 11 months earlier on November 16, 2004.  In this motion, the plaintiff asserts a need for certain categories

2

of information he claims were provided incompletely by the defendant.  Specifically, the plaintiff seeks more complete information on (1) the plaintiff's yearly ESOP benefit and vesting percentages, past and projected; (2) how his commissions were calculated and for which schools and school packages he was paid a commission both in general and during certain years; (3) the contact information for all former and current photographers, territory managers, regional managers, directors of sales and sales representatives in the plaintiff's former territory; and (4) all trial witnesses and defense exhibits.  On October 26, 2005, the plaintiff filed a second motion to compel regarding the second set of discovery propounded nearly five months earlier on June 1, 2005.  This motion seeks a more complete answer to a request for all of the plaintiff's contracts containing job numbers for which he was compensated.

## Discussion

Federal Rule of Civil Procedure 56(f) states that the court may continue the response deadline to a motion for summary judgment for the purposes of conducting further discovery if the party seeking the extension files an affidavit "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."  *See also* **Gutierrez v. AT&T Broadband, LLC**, 382 F.3d 725, 731 (7th Cir. 2004) (*citing* **Woods v. City of Chicago**, 234 F.3d 979, 990 (7th Cir. 2000).  The party proceeding under Rule 56(f) must cite specific evidence that would create a genuine issue of fact and may not "block summary

3

judgment simply by offering generalities about the need for further discovery." *See* **Green v. Litscher**, 103 Fed. Appx. 24, 26 (7th Cir. 2004), *cert. denied* ___ U.S. ___, 125 S.Ct. 927, 160 L.Ed.2d 813 (2005).  In addition, the failure to file an affidavit contemporaneously with the Rule 56(f) motion is a sufficient basis to deny the motion.  *See* **Woods**, 234 F.3d at 990.  This court's decision to deny an extension is reviewed for abuse of discretion.  *See* **Staten v. Nissan North America, Inc.**, 134 Fed. Appx. 963, 965 (7th Cir. 2005).

Here, the defendant bases its motion for summary judgment on the theories that (1) the plaintiff's contract with Lifetouch limited his pay and benefits to his term of employment, which the parties dispute; and (2) the plaintiff failed to exhaust his administrative remedies on his claim for benefits.  Therefore, the discovery sought by the plaintiff pursuant to Rule 56(f) must be relevant to these arguments.  *See* **Woods**, 234 F.3d at 990-91.  The court further notes that the discovery motions before this court stand in an odd procedural posture in relation to Rule 56(f) because the plaintiff timely filed his response to the summary judgment on October 31, 2005, and also because the plaintiff did not file a Rule 56(f) affidavit until after the defendant cited the deficiency in its response brief to the motions to compel.

The plaintiff concedes that the ESOP information, defense witnesses list, and defense exhibits he seeks are not relevant to the issues before the district court on summary judgment.

4

Accordingly, the court will not discuss them here except to note that the plaintiff waited 11 months after the first set of interrogatories (addressing ESOP) were propounded before seeking to compel their answers three weeks before the twice-extended deadline for discovery was to close.  With respect to the disclosure of witnesses and exhibits, the court directs the plaintiff to subsections (2)(C) and (3) of Federal Rule of Civil Procedure 26(a).

   The plaintiff has not made any showing of relevance with respect to the remaining information he now seeks, and he does not respond to the defendant's contention that the information either does not exist or is uniquely in the hands of the plaintiff.  The plaintiff's tardy affidavit claims that he needs information regarding which of the schools that he booked were rebooked by the defendant, the names of employees working in the "JZ" territory, a sub-territory of the plaintiff's XL territory, and copies of the "Territory Salesperson Report," "Monthly Sales Summary," or any other document showing sales comparisons between 2002 and 2004 for the XL territory because these categories of information may indicate when the plaintiff was an employee of the defendant.

   With so sparse an explanation, it is not immediately clear how rebooking not done by the plaintiff is relevant to the interpretation of a written contract raised by the defendant's summary judgment motion, but resolution of that issue is not necessary here.  Despite the plaintiff's characterization of the

5

defendant's response as a "refusal" to give information, the defendant's unrebutted position is that the defendant does not possess the school rebooking information, that it was housed with the plaintiff during his employment, and that he may still have documents containing this information in storage.  The defendant further states that the plaintiff learned the name of the XL territory manager on September 23, 2005, but never sought to depose him.  And finally, the defendant states that like the school information, the defendant does not possess the salesman reports or summaries which were maintained by the plaintiff and already would be in his possession.  Given the likelihood that the plaintiff possesses the information at issue, the length of time the plaintiff had to pursue it, and the fact that the plaintiff already has responded to the summary judgment without reference to any of these evidentiary deficiencies, the court declines to compel further discovery at this time.

To the extent any of the compelled information is necessary for trial, the plaintiff may refile his motions to compel after the district court has ruled on the pending motion for summary judgment.  However, the plaintiff is warned that failure to comply with Local Rule 37.1 will result in the denial of subsequently filed discovery motions.

_____

For the foregoing reasons, the Motion to Compel Discovery filed by the plaintiff, John Taylor, on October 8, 2005 is **DENIED WITHOUT PREJUDICE**; the Motion to Shorten Time in Which to Respond

to Discovery filed by Taylor on October 8, 2005 is **DENIED**; the Second Motion to Compel Discovery filed by Taylor on October 26, 2005 is **DENIED WITHOUT PREJUDICE**; and the Second Motion to Stay Summary Judgment Pending Discovery filed by Taylor on October 26, 2005 is **DENIED.**

 ENTERED this 6th day of December, 2005


               s/ ANDREW P. RODOVICH
                United States Magistrate Judge